UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 19-CR-00017 (DLF)** |
| | : | |
| v. | : | |
| | : | |
| **BRIAN LAPRATH** | : | |
| **Defendant.** | : | |

### RESPONSE TO DEFENDANT'S MOTION FOR ORDER: TO COMPEL RECORDS DISCLOSURE

The United States, by and through its attorneys, the United States Attorneys for the District of Columbia, hereby submits the following response to the Defendant's Motion for Order: To Compel Records Disclosure ("Defendant's Motion"). The government respectfully notes the following with respect to this response:

1. The defendant is requesting a Court order for the release of his sex offender treatment paperwork while he was a participant at the Center for Clinician and Forensic Services and Clinical and Forensic Associates. Both of these programs were part of a court ordered sex offender treatment program that was contracted by the United States Probation Department. The defendant's probation officer is Ms. Monica Glover.

2. On February 21, 2023, undersigned counsel spoke with Ms. Glover over the phone. Ms. Glover informed undersigned counsel that the federal judiciary is not a covered entity under the Health Insurance Portability and Accountability Act (HIPAA) and that the federal courts are exempt from the requirements of the Freedom of Information Act (FOIA). As such, the United States Probation Office's position is that neither the presentence report nor any case file contents,

1

     which would include treatment documents, can be disclosed to the defendant without a court order. This is because the case documentation belongs to the Court, and not to the defendant.

3. However, undersigned counsel does not see a sufficiently compelling reason to deny the defendant access to his requested treatment information. The government has no objection to the Court ordering the release of the defendant's requested documents (intake, treatment and discharge paperwork) so long as the United States Probation Department can make appropriate redactions of any sensitive information. For example, the Probation Department would need to redact the names or identifying information of any civilians who may have been interviewed in connection with treatment and/or redact any internal notations between treatment provider(s) and the Probation Department official(s).

4. Undersigned counsel has notified Ms. Glover of the government's position. The United States Probation Department does not object to the government's position.

5. Because the government does not oppose the defendant's motion subject to redactions of sensitive information, the defendant's request for the United States Probation Department's policy manual is moot.

                                        Respectfully submitted,

                                        MATT M. GRAVES
                                        UNITED STATES ATTORNEY
                                        _____/s/_____
                                        Lindsay Suttenberg
                                        Assistant United States Attorney
                                        D.C. Bar 978513
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 252-7017
                                        Lindsay.Suttenberg@usdoj.gov